NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
CYNTHIA BERRY,                         :
                                       :
    Plaintiff,                         :
                                       :
        v.                             :    Civil No. 07-2284 (AET)
                                       :
NEW JERSEY STATE PRISON,               :    **MEMORANDUM & ORDER**
et al.,                                :
                                       :
    Defendants.                        :
_____:

THOMPSON, U.S.D.J.

    This matter is before the Court on Plaintiff Cynthia Berry's Motion for Emergent Medical Treatment. The Court has decided this Motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's Motion is denied.

BACKGROUND

    This is Plaintiff's second formal Motion for Emergent Medical Treatment, seeking temporary medical benefits from her employer, Defendant Correctional Medical Services ("CMS").[1] The Court incorporates by reference the factual and procedural background set forth in its Memorandum and Order, entered March 28, 2008 ("March 28th Order"), which denied Plaintiff's Motion without prejudice on the grounds that it should abstain from interfering with

---

[1] In a letter submitted to the Court on July 22, 2008, counsel for Defendant New Jersey State Prison ("NJSP") asserted that he did not believe Plaintiff's Motion was directed towards Defendant NJSP. Because Defendant CMS was Plaintiff's employer, and not Defendant NJSP, the Court construes Plaintiff's Motion as one seeking relief only against Defendant CMS.

an ongoing state proceeding under the principles set forth in Younger v. Harris, 401 U.S. 37, 41, 43-44 (1971). At that time, Plaintiff had a motion for medical and temporary disability benefits pending in Workers' Compensation Court. Plaintiff had filed her motion initially in October 2007, and the hearing was continued to February 29, 2008, following Plaintiff's refusal to testify at an earlier hearing in support of her motion. Plaintiff failed to appear at the February 29, 2008, hearing, and the Workers' Compensation Court dismissed her motion without prejudice. (Jackson Cert., ¶ 10.)

On April 14, 2008, Plaintiff filed another motion for medical and temporary disability benefits with the Workers' Compensation Court. (Id., ¶ 11.) At her hearing on May 2, 2008, Plaintiff again refused to testify, and asked for an adjournment so she could obtain new counsel. (Id., ¶ 12.) On June 13, 2008, Plaintiff, appearing *pro se*, initially refused to testify at the rescheduled hearing, but changed her mind after the Workers' Compensation judge informed her that he would be unable to decide her motion without hearing Plaintiff's testimony. (Sova Cert., Ex. E, at 5:13-5:16; 7:23-8:23.) Plaintiff began her direct testimony, but then indicated that she wanted an attorney to represent her, and the Workers' Compensation Court continued the hearing until July 25, 2008. (Id., at 10:4-27:12.)

On July 8, 2008, Plaintiff filed a Motion for Emergent Medical Treatment in this Court. In addition to seeking temporary benefits, Plaintiff also asks for an order granting her back wages, and a reinstatement of her medical benefits, from Defendant CMS, to allow her to continue treatment while she pursues her federal action. Plaintiff also asks the Court to intervene in an ongoing proceeding involving the foreclosure of her home.

On July 28, 2008, the Court received from Plaintiff an Addendum to her Motion that

indicated that she appeared for the Workers' Compensation Court hearing on July 25, 2008. She alleges that she again was questioned in a "harassing, intimidating" manner (Pl.'s Addendum, ¶ 4.) Although the Addendum is not entirely clear, it appears that Plaintiff was unable to testify, and that her motion has not yet been dismissed. (Id., ¶ 8.)

DISCUSSION

Defendant CMS argues that the Court should continue to abstain from deciding Plaintiff's Motion because her motion for medical and temporary disability benefits is pending in Workers' Compensation Court. Further, Defendant CMS argues that, to the extent Plaintiff seeks preliminary injunctive relief in the form of back wages and reinstatement of medical coverage, Plaintiff's request should be denied because she has not met the high burden of showing she is entitled to such relief. Plaintiff contends that federal court intervention in her Workers' Compensation Court proceeding is appropriate because she alleges that Defendant CMS has exhibited bad faith in the course of that proceeding. Specifically, Plaintiff alleges that she has been harassed, noting that, although she was told that her testimony was required in order to provide Defendant CMS with the opportunity to cross-examine her, no such examination occurred at the June 13, 2008 hearing. (Pl.'s Mot. for Emergent Med. Treatment, ¶ 7.) Plaintiff also appears to allege that the Workers' Compensation Court has made "numerous, unnecessary intimidating statements," such as threatening to contact the police or to have Plaintiff's fiancé removed from the courtroom. (Id., ¶ 6.)

A.  Younger Abstention

The principle of abstention under Younger and its progeny hold that a federal court should not enjoin pending state administrative proceedings, absent extraordinary circumstances.

Younger, 401 U.S. at 41, 43-44; New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 368 (1989); Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986).  There are three exceptions to the Younger abstention doctrine: (1) the "state proceeding is motivated by a desire to harass or is conducted in bad faith," Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975), (2) a challenged statute is "flagrantly and patently violative of express constitutional prohibitions;" Moore v. Sims, 442 U.S. 415, 424 (1979), and (3) there is "an extraordinary pressing need for immediate federal equitable relief." Kugler v. Helfant, 421 U.S. 117, 125 (1975).  Plaintiff appears to be arguing that the first exception to Younger warrants intervention by this Court in the state proceedings.

The Court finds that, with Plaintiff's motion for medical and temporary disability benefits pending before the Workers' Compensation Court, abstention continues to be appropriate. Plaintiff has not demonstrated that the Workers' Compensation Court proceedings have been undertaken in bad faith or for the purposes of harassment.  Instead, the Court's review of the transcript of the June 13, 2008 proceeding demonstrates that the judge warned Plaintiff's fiancé that he would be escorted out of the courtroom only if he continued to interject himself into the proceedings.  (Sova Cert., Ex. E at 5:24-6:24.)  The Workers' Compensation judge advised Plaintiff to present her case with specificity, rather than reliance on general allegations, and recommended that she obtain counsel.  (Id., at 13:18-16:19; 21:9-21:19.)  Plaintiff finally agreed that she needed the assistance of counsel in order to proceed.  (Id., at 26:4.)  Defendant CMS's counsel did not have an opportunity to cross-examine Plaintiff, although the Court notes that the decision to cross-examine is one that is within the discretion of counsel, and declining to do so is not necessarily an indication of bad faith.  Further, it appears from Plaintiff's Addendum that she

once again was not able to testify at her July 25, 2008 hearing, and that the motion was continued.

B.      Request for Back Wages and Medical Coverage

In her Motion, Plaintiff also asks for an order directing Defendant CMS to pay her back wages, dating back to her termination in 2005, and for reinstatement of her medical coverage during the pendency of her federal action. Defendant CMS opposes this request, on the grounds that Plaintiff has not made a showing that she is entitled to such extraordinary relief. The Court construes Plaintiff's request as one for preliminary injunctive relief.

A court considers four factors in determining whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable likelihood of success on the merits; (2) irreparable harm to the movant; (3) whether granting preliminary relief will result in greater harm to the non-moving party; and (4) whether granting preliminary relief is in the public interest. Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999). Irreparable harm is shown if "a plaintiff demonstrates a significant risk that he . . . will experience significant harm that cannot adequately be compensated after the fact by monetary damages." Adams v. Freedom Forge Corp., 204 F.3d 475, 484-85 (3d Cir. 2000). The loss of income alone does not constitute irreparable harm. Id. at 485.

The Court, having considered the four factors, does not find that Plaintiff is entitled to preliminary injunctive relief. Plaintiff has not yet demonstrated a reasonable likelihood of success on the merits, and the Court finds that awarding Plaintiff back wages, which she seeks in her Complaint, at this stage of litigation, prior to completion of discovery or consideration of any dispositive motions, would be premature. Plaintiff has not shown that she will suffer irreparable

harm if her request is not granted. While the Court does not doubt that Plaintiff's loss of income, and resulting consequences, such as the foreclosure of her home or inability to afford medical coverage, have affected her severely, these injuries do not rise to the level of harm that would warrant the issuance of injunctive relief. Defendant CMS would be forced to incur a significant expense that may prove to be unnecessary should it prevail in the federal litigation. Finally, the Court does not find that granting preliminary injunctive relief to Plaintiff would be in the public interest.

C.   Foreclosure Proceeding

Plaintiff asks the Court to intervene, if possible, in a proceeding involving the foreclosure of her home. This request is not properly the subject of this Motion, or underlying action between Plaintiff and Defendants CMS and NJSP and, therefore, the Court denies Plaintiff's request.

D.   Defendant CMS's Request for Sanctions

Defendant CMS asks the Court to impose sanctions on Plaintiff because this Motion is her fourth request for such relief, and Defendant CMS asserts that it has incurred attorneys fees and costs in order to oppose the requests. The Court declines to impose sanctions on Plaintiff. However, the Court advises Plaintiff that the Workers' Compensation Court is the appropriate forum for adjudicating her motion for medical and temporary disability benefits, and Plaintiff should exhaust her opportunities for seeking relief in that court before seeking the same in this Court.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 30th day of July, 2008,

ORDERED that Plaintiff Cynthia Berry's Motion for Emergent Medical Treatment [36] is DENIED without prejudice.

s/ Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.
