UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CYNTHIA R. BERRY, | : | |
| | : | **Civil Action No. 07-2284 (AET)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY STATE PRISON, et al., | : | **M E M O R A N D U M** |
| | : | **O P I N I O N** |
| Defendants. | : | |
| | : | |

**HUGHES, U.S.M.J.**

This matter has come before the Court by Motions from Plaintiff Cynthia Berry

("Plaintiff") for Leave to File an Amended Complaint and for an Extension of the Discovery

Period [dkt. entry no. 48], returnable February 2, 2009.  Defendant New Jersey State Prison

("NJSP") filed opposition to the Motion on January 15, 2009.  Defendant Correctional Medical

Services, Inc.("CMS") filed opposition to the Motion on January 20, 2008.  Now, 30 days prior

to the end of the third discovery deadline, Plaintiff seeks to add 3 new defendants and 9 new

legal causes of action.  The Court considered the parties submissions and conducted oral

argument via recorded conference call on February 2, 2009.  For the reasons set forth below,

Plaintiff's Motion for Leave to File an Amended Complaint is denied and Plaintiff's Motion to

Extend Discovery is granted in part and denied in part.

I.      BACKGROUND

This litigation arises from Plaintiff's allegations that her treatment and the discipline

imposed on her by CMS, Mari Knight, and New Jersey State of Prison's handling of her

complaint of sexual harassment against Lt. Stephen Alaimo, were retaliatory and discriminatory

on the basis of her race and sex in violation of Title VII of the Civil Rights Act of 1969, 42

U.S.C. § 2000e *et seq*.  (CMS' Opp'n Br. at 1.)  Plaintiff seeks to amend her complaint by adding

3 new individual defendants and 9 new causes of action.  (Pl.'s Am. Compl.)  Specifically,

Plaintiff seeks to add the following counts: (1) violations of her due process and equal protection

rights under federal and state law; (2) discriminatory interference with contractual relationships;

(3) conspiracy to violate federal civil rights; (4) violations of the New Jersey Civil Rights Act;

(5) discrimination based upon race and gender in violation of state and federal law; (6) retaliation

under the New Jersey Law Against Discrimination; (7) creating a hostile work environment; and

(8) intentional infliction of emotional distress (Pl.'s Am. Compl. at 8-14.)  Plaintiff stated that

she filed this motion to join all parties who have wronged her in order to streamline the

Complaint for trial. (Pl.'s Br. at 1.)  In addition, Plaintiff requested an extension of the discovery

deadline to allow her to properly question the witnesses and obtain essential documents.  *Id*. at 2.

The legal basis for Plaintiff's argument is that pursuant to Rule 15(a), the Court should

freely give leave to amend when justice so requires.  *Id*. at 3.  Plaintiff also states that leave to

amend should be granted because the Defendants will not face any additional costs or expenses

or any other form of prejudice.  *Id*. at 4-6.

Defendant CMS argues that leave to amend should be denied because of Plaintiff's undue

delay, bad faith and dilatory motive in brining her motion for leave to amend.  (CMS' Opp'n Br.

at 7.)  Defendant asserts that "Plaintiff's motion comes over one and one-half years after she filed

her original Complaint and possessed all the information needed to assert the proposed

amendments, more than six months after the court denied Plaintiff's prior motion to amend

without prejudice, and more than two months since her attorney entered her appearance." *Id*.

2

Defendant also asserts that the fact that Plaintiff waited "until after her deposition and the depositions of Ms. Knight and Lt. Alaimo were complete to move to amend" is highly suggestive of bad faith and "warrants the denial of her motion as a matter of law." *Id*. at 7-8. Defendant CMS also argues that granting Plaintiff's Motion would cause CMS to suffer significant prejudice because it "was filed less than thirty days prior to the close of discovery and threatens to significantly expand the scope of the litigation, naming three new defendants and 9 completely new claims, with distinct legal theories" *Id*. at 13. Defendant CMS states that "the depositions of all the important witnesses, including Plaintiff, have already been completed and would have to be re-taken if the motion were granted, at great expense to CMS." *Id*. Defendant CMS also states that "[u]ndue prejudice is 'the touchstone for the denial of leave to amend.'" *Id*. at 14 (quoting *Cornell & Co., Inc. v. Occup. Safety and Health Review Comm'n.*, 573 F.2d 820, 823 (3d Cir. 1978)).

Moreover, Defendants CMS and NJSP argue that Plaintiff's additional claims are futile because "[a]ll but one of the claims Plaintiff seeks to add in her motion are barred by their respective statutes of limitations." (CMS' Opp'n Br. at 16-17) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); *see* (NJSP's Opp'n Br. at 6). Specifically, Plaintiff's proposed amended complaint outlines that "the last incidents/allegations of misconduct that could serve as a basis for Plaintiff's claims occurred on August 25, 2006, when CMS terminated her employment," therefore, all claims except for Plaintiff's §1981 claim are barred by the applicable statutes of limitations. (CMS' Opp'n Br. at 17-18.) Plaintiff's §1981 claim alleges a violation of Plaintiff's right to contract and Defendant NJSP points out that "[c]ontract claims brought against State entities are subject to the provisions of the New Jersey

Contractual Liability Act ("CLA"), N.J. Stat. Ann. §59:13-1 *et seq*. and because Plaintiff never filed a notice of claim with the contracting agency within 90 days of the accrual of the claim as required by the CLA she is forever barred from pursuing such a claim.  (NJSP's Opp'n Br. at 11-12.)

Lastly, Defendant CMS argues that granting Plaintiff's request to extend fact discovery by 90 days should be denied because "[n]ot only has Plaintiff delayed the litigation through her own willful conduct, she has also failed to conduct timely discovery even though she obtained counsel in October 2008."  (CMS' Opp'n Br. at 20.)  Defendant NJSP argues that "on November 3, 2008, the Court extended discovery for the third time and announced that no further extensions would be granted [and] Plaintiff has failed to articulate any legitimate reason why discovery should be extended yet again, and this request should also be denied."  (NJSP's Opp'n Br. at 6.)

## II.    DISCUSSION

Plaintiff seeks leave to file an amended complaint.  The amended complaint includes claims for (1) violations of her due process and equal protection rights under federal and state law; (2) discriminatory interference with contractual relationships; (3) conspiracy to violate federal civil rights; (4) violations of the New Jersey Civil Rights Act; (5) discrimination based upon race and gender in violation of state and federal law; (6) retaliation under the New Jersey Law Against Discrimination; (7) creating a hostile work environment; and (8) intentional infliction of emotional distress (Pl.'s Am. Compl. at 8-14.)  Plaintiff also now seeks an extension of the discovery deadline to allow her to properly question the witnesses and obtain essential documents.  *Id*. at 2.  Pursuant to Rule 15(a), Plaintiff's Motion for leave to file an amended complaint is denied.

A.      Federal Rule Civil Procedure 15(a)

As a general rule, leave to amend a complaint is "freely given when justice so requires."

Fed. R. Civ. P. 15(a)(2).  The Court notes that the decision whether to permit a Plaintiff to amend

his complaint is one that rests within its sound discretion.  *See Pa. Employees Benefit Trust Fund*

*v. Zeneca Inc.*, 499 F.3d 239, 252 (3d Cir. 2007).  Although leave to amend is freely granted,

courts will deny leave to amend if the non-movant can show (1) bad faith or a dilatory motive on

the part of the moving party, (2) a truly undue or unexplained delay, (3) undue prejudice to the

non-moving party, or (4) futility of the proposed amendment.  *See Heyl & Patterson Int'l, Inc. v.*

*F. D. Rich Hous. of the Virgin Is., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).  A proposed

amendment is futile when it cannot withstand a motion to dismiss.  *See Jablonski v. Pan Am.*

*World Airways, Inc.* 863 F.2d 289, 292 (3d Cir. 1988) *and Fahs Rolston Paving Corp v.*

*Pennington Props. Dev. Corp.*, 2007 U.S. Dist. LEXIS 59283, *10 (D.N.J. 2007).  To survive a

motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations are true[.]"  *Twombly*, 127

S. Ct. at 1964-65.

B.      Plaintiff's Proposed Amended Complaint

The Court, viewing all evidence in the light most favorable to Plaintiff, finds that Plaintiff

fails to allege sufficient facts for the Court to grant Plaintiff's Motion.  The Court finds that

Plaintiff's Motion must be denied because the proposed amended complaint is prejudicial to the

non-moving party, and all but one of the amendments would be futile.  *Foman v. Davis*, 371 U.S.

178, 182 (1962).  Specifically, the Court notes that Plaintiff filed the instant Motion 30 days prior

to the closing of fact discovery, more than six months after the court denied Plaintiff's prior

motion to amend without prejudice for failing to include the proposed amended complaint, two

and a half months after she obtained counsel, and long after CMS and NJSP's depositions of

Plaintiff have concluded.  *See* (CMS' Opp'n Br. at 1.)  The Court finds that Defendants would be

severely prejudiced if forced to incur additional legal fees associated with starting all depositions

over.  The Court also finds that all but one of the proposed amendments that Plaintiff seeks to

add to her Complaint are barred by their respective statutes of limitations and are, therefore,

futile as a matter of law.  The Court further finds that while Plaintiff's §1981 claim is not barred

by the applicable statute of limitations, it is barred by the New Jersey Contractual Liability Act,

N.J. Stat. Ann. §59:13-1 *et seq*. because Plaintiff failed to file the required notice of claim with

the contracting agency within 90 days of the accrual of the claim.  *See* N.J. Stat. Ann.  §59:8-8.

The Court notes that although Plaintiff has presented one proposed amendment that is not time

barred and Defendants have an opportunity to a file motion seeking to dismiss said claim at a

later date pursuant to Federal Rule of Civil Procedure 12(b)(6), justice requires all proposed

amendments to be denied on the grounds of prejudice to the Defendants.

As Defendants have sufficiently shown unfair prejudice, and as all but one of Plaintiff's claims

are futile, Plaintiff's Motion for leave to file an amended complaint is denied.

   C.  <u>Extension of Discovery Deadline</u>

 Plaintiff's request for the discovery period to be extended until April 30, 2009 shall be

granted in part and denied in part.  The Court notes that Plaintiff has delayed the litigation by

failing to conduct timely discovery despite obtaining counsel in October 2008.  The Court also

notes that Plaintiff did not depose any witnesses until late December 2008 and has not served

CMS with any interrogatories or formal requests for discovery.  (Sova Cert. at ¶¶ 5-6 and ¶ 20.)

Accordingly, the Court finds that a 90 day extension of the discovery period would further prejudice Defendants and delay resolution of this matter.  But, in view of the fact that the Thanksgiving and Christmas holidays occurred near the end of the third discovery deadline, the Court finds a 45 day extension to be more appropriate.

**III.    CONCLUSION**

For the reasons stated above, Plaintiff's Motion for leave to file an amended complaint is denied and Plaintiff's request for the discovery period to be extended until April 30, 2009 is granted in part and denied in part.  An appropriate Order accompanies this Memorandum Opinion.

**DATED:** February 3, 2009.